IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2008 SEP -4 A 10: 01
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| STEPHEN SEEGER and PRICILLA SEEGER, Plaintiffs<br><br>v.<br><br>CHASE MANHATTAN AUTOMOTIVE FINANCE CORPORATION Defendant No. 1, being the correct legal designation of that entity otherwise known as Chase Manhattan Automotive finance corporation, EXPERIAN, Defendant No. 2, being the correct legal designation of that entity otherwise known as Experian, TRANS UNION, Defendant No. 3 being the correct legal designation of that entity otherwise known as Trans Union, EQUIFAX CREDIT REPORTING, Defendant No. 4, being the correct legal designation of that entity otherwise known as Equifax Credit Reporting, and Defendants Nos. 5, 6 and 7, being the correct legal designation of that or those persons or entities responsible for those acts of fraud, libel and defamation of character as are described in this complaint, all of whose true and correct legal identities are unknown at this time but will be added by amendment when ascertained, Defendants. | Case Number: 3:08-CV-724-WKW<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Jury Trial Demanded |

## COMPLAINT

### PARTIES

1. Plaintiffs are individuals living in the City of Jacksons Gap, County of Tallapoosa, State of Alabama. Plaintiffs are "consumers" within the meaning of 15 USCA § 1692a(3).

2. Defendant, Equifax Credit Reporting, is a consumer reporting agency as defined by the Fair Credit Reporting Act (FCRA), 15 USCA §§ 1681 et seq., 1681 a(f). Equifax is a corporation located in Atlanta, Georgia, doing business in the State of Alabama, in the Middle District, Eastern Division.

3. Defendant, Experian, is a consumer reporting agency as defined by the Fair Credit Reporting Act (FCRA), 15 USCA §§ 1681 et seq., 1681 a(f). Experian is a corporation with headquarters in California and Illinois, doing business in the State of Alabama, in the Middle District, Eastern Division.

4. Defendant, Chase Manhattan Automotive Finance Corporation, is an entity who furnishes information to consumer reporting agencies under FCRA, 15 USCA §1681 s-2. Chase Manhattan Automotive Finance Corporation is a corporation located in Garden City, New York, doing business in the State of Alabama, in the Middle District, Eastern Division.

5. Defendant, Trans Union, is a consumer reporting agency as defined by the Fair Credit Reporting Act (FCRA), 15 USCA §§ 1681 et seq., 1681 a(f).

## JURISDICTION

6. This Court has jurisdiction pursuant to 15 USCA § 1681 p.

## STATEMENT OF FACTS

7. In at least 2007 and for approximately five years prior, Defendants willfully failed to comply with the requirements imposed under the FCRA, including, but not limited to:

a. failing to follow reasonable procedures to assure maximum possible accuracy,
b. reporting obsolete information as defined by the Fair Credit Reporting Act;
c. failing to conduct mandatory reinvestigation;
d. failing to correct inaccurate or incomplete information; and
e. failing to comply with the requirements relating to reinsertion of disputed credit information into the consumer's file; and

8. The consumers suffered numerous damages as a result, including but not limited to: substantial monetary loss as a result of increased interest rates, denial of credit, emotional and mental distress, embarrassment and humiliation.

9. That the Plaintiffs have continuously reported these errors and have requested that they be corrected.

## FIRST CLAIM FOR RELIEF

10. Plaintiffs re-allege paragraphs one through nine as if fully set forth herein.

11. In 2007, and approximately five years prior, Defendants willfully failed to comply with the requirements imposed under FCRA, pursuant to 15 USCA §1681n, including but not limited to:

a. failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 USCA §1681e(b), and
b. failing to comply with the reinvestigation requirements in 15 USCA § 1681i(a).

12. As a result of the above stated violations of the FCRA, plaintiffs were caused to suffer substantial monetary loss as a result of increased interest rates, denial of credit, lost opportunity to receive credit, damage to their reputation, worry, fear, distress, frustration, embarrassment, and humiliation, all to their damages in an amount to be determined by the jury.

13. Plaintiffs are entitled to punitive damages in an amount to be determined by the jury.

14. Plaintiffs are entitled to their attorney fees, pursuant to 15 USCA § 1681n(a).

## SECOND CLAIM FOR RELIEF

15. Plaintiffs re-allege paragraphs one through fourteen as if fully set forth herein.

16. In 2007, and approximately five years prior, Defendants negligently failed to comply with the requirements imposed under FCRA, pursuant to 15 USCA §1681o, including but not limited to:

a. failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 USCA §1681e(b), and
b. failing to comply with the reinvestigation requirements in 15 USCA §1681i(a).

17. As a proximate result of the above stated violations of the FCRA, Plaintiffs were caused to suffer denial of credit, lost opportunity to receive credit, damage to their reputation, worry, fear, distress, frustration, embarrassment, and humiliation, all to their damages in an amount to be determined by the jury.

18. Plaintiffs are entitled to their attorney fees, pursuant to 15 USCA §1681o(a).

## THIRD CLAIM FOR RELIEF

19. Plaintiffs re-allege paragraphs one through eighteen as if fully set forth herein.

20. In 2007, and approximately five years prior, Defendants willfully failed to comply with the requirements imposed under Fair Credit Reporting Act (FCRA), 15 USCA §§ 1681 et seq., by failing to comply with 15 USCA §1681s-2(b).

21. As a result of the above stated violations of the FCRA, plaintiffs were caused to suffer denial of credit, lost opportunity to receive credit, damage to their reputation, worry, fear, distress, frustration, embarrassment, and humiliation, all to their damages in an amount to be determined by the jury.

22. Plaintiffs are entitled to punitive damages in an amount to be determined by the jury.

23. Plaintiffs are entitled to their attorney fees, pursuant to 15 USCA § 1681n(a).

### FOURTH CLAIM FOR RELIEF

24. Plaintiffs re-allege paragraphs one through twenty three as if fully set forth herein.

25. In 2007, and approximately five years prior, defendant negligently failed to comply with the requirements imposed under FCRA, by failing to comply with 15 USCA § 1681n(a).

26. As a proximate result of the above stated violations of the FCRA, Plaintiffs were caused to suffer denial of credit, lost opportunity to receive credit, damage to their reputation, worry, fear, distress, frustration, embarrassment, and humiliation, all to their damages in an amount to be determined by the jury.

27. Plaintiffs are entitled to their attorney fees, pursuant to 15 USCA §1681o(a).

### FIFTH CLAIM FOR RELIEF

**INJUNCTION**

28. Plaintiffs re-allege paragraphs one through twenty six as if fully set forth herein.

29. As a result of defendants' conduct, Plaintiffs face the likelihood of continued substantial and immediate, irreparable harm. Accordingly, Plaintiffs seek an injunction requiring each of Defendants to permanently cease and desist the dissemination of credit information that is inaccurate or obsolete.

### PRAYER

**WHEREFORE plaintiffs pray for a judgment against the defendants as follows:**

1. On Plaintiffs' First Claim for Relief for willful violations of the FCRA against Defendants, Plaintiffs request:
    a. Actual damages in an amount to be determined by the jury;
    b. Punitive damages in an amount to be determined by the jury; and,
    c. Attorney fees and costs.

2. On Plaintiffs' Second Claim for Relief for negligent violations of the FCRA against

Defendants, Plaintiffs request:
    a. Actual damages in an amount to be determined by the jury;
    b. Attorney fees and costs.

3. On Plaintiffs' Third Claim for Relief for willful violations of the FCRA against Defendants, Plaintiffs request:
    a. Actual damages in an amount to be determined by the jury;
    b. Punitive damages in an amount to be determined by the jury; and,
    c. Attorney fees and costs.

4. On Plaintiffs' Fourth Claim for Relief for negligent violations of the FCRA against Defendants, Plaintiffs request:

    a. Actual damages in an amount to be determined by the jury;
    b. Attorney fees and costs.

5. On Plaintiffs' Fifth Claim for Relief for Injunction, plaintiffs pray for the injunction as set forth in paragraph twenty-eight.

6. Trial by Jury is Requested.

Dated this _____ day of _____, 2008.


_____
Stephen Seeger
Plaintiff

_____
Robin F. Reynolds (REY032)
Attorney for the Plaintiffs
139 S. Broadnax St.
Dadeville, AL 36853
256-825-8251 Phone
256-825-8201 Fax


_____
Priscilla Seeger
Plaintiff

_____
Angela Hill (HIL052)
Attorney for the Plaintiffs
139 S. Broadnax St.
Dadeville, AL 36853
256-825-8251 Phone
256-825-8201 Fax